FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 30 2012 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------x

ERIC STEVEN GAY; WENDELL JENKINS,

Plaintiffs,

-against-

DUKE TERRELL; Med. Supervisor, MR. ITALIA;
DR. NEWLAND; SHU Lt. MR. PASLEY;
LT. MR. GRUSE; OFFICER CABELLERO;
NYC POLICE SERGEANT HERNANDEZ;
NYC POLICE SGT. JIMINEZ; MS. KING,

Defendants.
---------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM AND ORDER**
12-CV-2925 (CBA)

AMON, Chief United States District Judge.

On May 1, 2012, *pro se* plaintiffs Eric Steven Gay ("Gay") and Wendell Jenkins ("Jenkins"), both incarcerated at the Metropolitan Detention Center ("MDC"), filed this action pursuant to 42 U.S.C. § 1983.[1] The complaint in this action appears to have been drafted by plaintiff Gay, his signature is the only one that appears on the complaint, and he is the only one to request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the Clerk of Court is directed to terminate Wendell Jenkins from this action. As to the claims brought by Gay on his own behalf, his request to proceed *in forma pauperis* is granted and he is granted thirty days leave to file an amended complaint.

[1] By Order dated June 8, 2012, this action was transferred to this court from the United States District Court for the Southern District of New York. See Dkt. Entry 4.

## STANDARD OF REVIEW

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." Id.; Liner v. Goord, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory); see also Tapia-Ortiz v. Winter, 185 F.3d 8, 11 (2d Cir. 1999).

## DISCUSSION

### A. Jenkins

At the outset, the Court notes that the complaint in this action appears to have been drafted by plaintiff Gay and only contains claims that relate to him personally.[2] The complaint does not allege any claims related to Jenkins and he does not sign the complaint. Jenkins cannot rely on Gay's statement of claim, and therefore must be dismissed from the action.

For a plaintiff to invoke the jurisdiction of the federal courts, Article III, Section 2 of the United States Constitution requires that a person have standing. Cooper v. U.S. Postal Serv., 577 F.3d 479, 489 (2d Cir. 2009). In order for a plaintiff to establish standing, he must allege that he suffered "an injury in fact." Cooper, 577 F.3d at 489. At a minimum, this "requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant.'" Id. (quoting Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc., 454 U.S. 464, 472 (1982)). The injury must be the "invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). Moreover, "there must be a causal connection between the injury and the conduct complained of," and it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Id. at 560-61 (internal quotation marks omitted).

Here, all the allegations in the complaint relate only to Gay. Thus, Jenkins cannot proceed as a plaintiff in this action. Moreover, because "an individual who is not licensed as an

---

[2] The Court notes that by Order dated June 18, 2012, Gay, Jenkins and another inmate were granted leave to file an amended complaint in another pending action. See Jenkins v. Medical Staff, 12-CV-1720 (CBA). It appears that the allegations related to Gay in that action are the same as or similar to those in the instant complaint. However, the original complaint in the other action was written and signed only by Wendell Jenkins. The Court thus construes the complaint in this action as Gay's effort properly to bring his own action on his own behalf.

attorney may not appear on another person's behalf in the other's cause," Machadio v. Apfel, 276 F.3d 103, 106 (2d Cir. 2002) (internal quotation marks omitted), Jenkins may not represent Gay's interests. See also Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented.").

Accordingly, any claims purportedly brought by Jenkins are dismissed.

**B. Gay**

Liberally construed, it appears that Gay's complaint brings a claim of deliberate indifference to his medical needs. Specifically, he appears to allege that he injured his head and neck by falling from his bunk bed, and that he also suffers from seizures and blackouts. He claims that he has only been prescribed over-the-counter pain medication for his ailments, and that his various requests for further medical treatment have been ignored or denied. For the reasons stated, Gay is given thirty days leave to amend his complaint.

As an initial matter, the complaint purports to bring a claim pursuant to 42 U.S.C. § 1983 against employees at the MDC, a federal facility. Section 1983, however, "appl[ies] only to state actors, not federal officials." Dotson v. Griesa, 398 F.3d 156, 162 (2d Cir. 2005). The Court here will construe Gay's claims as if brought under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), but if Gay decides to amend his complaint, he should make clear the appropriate Bivens cause of action. See, e.g., Cuoco v. Moritsugu, 222 F.3d 99 (2d Cir. 2000) (Bivens claim for deliberate indifference to medical needs).

A claim of deliberate indifference to medical needs, whether brought under the Eighth Amendment (for prisoners) or the Due Process Clause (for pre-trial detainees), requires a plaintiff to demonstrate both objective and subjective components: "Objectively, the alleged

4

deprivation [of medical treatment] must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996); see also Farmer v. Brennan, 511 U.S. 825, 834 (1994); Caiozzo, 581 F.3d at 72. The subjective prong requires that the defendant "kn[ew] of and disregard[ed] an excessive risk to [the inmate's] health or safety," meaning the defendant was actually "aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and ... also dr[e]w the inference." Caiozzo, 581 F.3d at 72 (quoting Farmer, 511 U.S. at 837). Allegations of mere negligence with respect to the prisoner's medical condition do not state a constitutional claim for deliberate indifference. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Harrison v. Barkley, 219 F.3d 132, 139 (2d Cir. 2000) ("[T]he mere malpractice of medicine in prison does not amount to an Eighth Amendment violation. . . . This principle may cover a delay in treatment based on a bad diagnosis or erroneous calculus of risks and costs, or a mistaken decision not to treat based on an erroneous view that the condition is benign or trivial or hopeless, or that treatment is unreliable, or that the cure is as risky or painful or bad as the malady."); Salim v. Proulx, 93 F.3d 86, 92 (2d Cir.1996) ("[A] claim that a state actor acted negligently does not state a deprivation of constitutional rights.").

The Court will assume at this stage that Gay's allegations of seizures, blackouts, "severe headaches," "severe pain," and a "massive lump in the back of [his] head" meet the objective prong of the deliberate indifference test. See Brock v. Wright, 315 F.3d 158, 162 (2d Cir. 2003) (courts do not "require an inmate to demonstrate that he or she experiences pain that is at the limit of human ability to bear, nor do [they] require a showing that his or her condition will degenerate into a life-threatening one").

However, the complaint in its current form is insufficiently clear on the subjective component of the test. As to the prison guard defendants, the complaint indicates only that Gay asked for medical assistance at certain points in time, and his requests were either ignored or denied. It is not clear whether the guards at issue were aware of the serious nature of his health conditions, and thus whether they knowingly disregarded a substantial risk of harm. As to Dr. Newland, the complaint at first suggests that he consciously disregarded Gay's complaints of discomfort, but later states that Dr. Newland "treated [Gay] for [his] seizures" and gave him a "bottom bunk pass." Defendant "Mr. Italia" is not mentioned in the body of the complaint at all, and Warden Terrell only appears to have been involved insofar as Gay wrote him a letter that received no response. Should Gay decide to file an amended complaint, he must make clear how each named defendant knew of and consciously disregarded a serious risk to Gay's health.

For similar reasons, the complaint does not adequately allege how each defendant was personally involved in the alleged deprivation of Gay's civil rights. "Because the doctrine of respondeat superior does not apply in Bivens actions, a plaintiff must allege that the individual defendant was personally involved in the constitutional violation." Thomas v. Ashcroft, 470 F.3d 491, 496 (2d Cir. 2006). Thus, a plaintiff in a Bivens suit "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Iqbal, 556 U.S. at 676 (2009). While the complaint contains scattered references to most of the named defendants, it is not always clear how each defendant was personally involved in denying Gay medical treatment, such that they could be liable for deliberate indifference. In his amended complaint, Gay must explain the personal involvement of each defendant in the alleged constitutional violation, without resort to the doctrine of respondeat superior.

## CONCLUSION

For the reasons stated, the Clerk of Court is directed to terminate Wendell Jenkins from this action. Gay's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) is granted. Gay is granted thirty (30) days leave from the date of this order to file an amended complaint. Gay is directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and must specify the dates and facts supporting the personal involvement of each named defendant in the alleged deprivation of Gay's rights.

The amended complaint will completely replace the original complaint. It must be captioned "Amended Complaint," must list only Gay in the caption, and must be signed by Gay. If Gay fails to file an amended complaint, judgment dismissing this action shall be entered.

No summonses shall issue at this time and all further proceedings shall be stayed for thirty (30) days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 269 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/
_____
CAROL B. AMON
Chief United States District Judge

Dated: Brooklyn, New York
June 30, 2012