**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ SEP 27 2013 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ERIC STEVEN GAY,

                Plaintiff,

       - against -

WARDEN DUKE TERRELL, DR. NEWLAND,
MR. ITTAYEM, LIEUTENANT PASLEY,
LIEUTENANT GROSE, CORRECTION
OFFICER CABELLERO, CORRECTION
OFFICER HERNANDEZ; CORRECTION
OFFICER JIMENEZ and CORRECTION
OFFICER KING,

                Defendants.
------------------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION
**MEMORANDUM & ORDER**
12-CV-02925 (CBA) (VMS)

AMON, Chief United States District Judge.

On May 1, 2012, plaintiff Eric Steven Gay, proceeding pro se, filed the instant action

alleging that the above-captioned defendants violated his constitutional rights. Currently before

the Court is a Report and Recommendation ("R&R") issued by Magistrate Judge Vera M.

Scanlon on August 19, 2013 recommending that the Court grant in its entirety defendants'

motion to dismiss, or in the alternative, for summary judgment. (DE #54.) Gay filed timely

objections to the R&R on August 30, 2013. (DE #55.) Having conducted a de novo review of

the disputed portions of the R&R and considered Gay's objections, the Court adopts the

recommendations of the R&R in full for the reasons stated below.

## BACKGROUND

The Court assumes the parties' familiarity with the facts and background of this

litigation, as set forth in the R&R. In short, Gay alleges that defendants[1] violated his

constitutional rights by depriving him of certain medical care, failing to provide a ladder for his

---

[1] On pages 3 and 6 of the R&R, Officer King is mistakenly omitted from the R&R's description of Gay's factual allegations. His name should be listed along with Officers Caballero, Jimenez and Hernandez on both pages.

1

bunk at the Metropolitan Detention Center ("MDC"), failing to provide functioning distress signals in some cells at the MDC, subjecting him to allegedly unprofessional conduct and failing to give him a copy of his medical records.  On January 24, 2013, defendants filed a motion to dismiss, or in the alternative, for summary judgment, seeking to dismiss Gay's claims in their entirety (DE #39).  The Court referred this motion to Magistrate Judge Scanlon.

In her R&R, Magistrate Judge Scanlon recommends that the Court: (1) grant Gay's motion for joinder of the United States of America as a defendant; (2) grant summary judgment in favor of defendants with respect to Gay's claims that defendants violated his constitutional rights by depriving him of adequate medical care, by failing to provide a ladder for his bunk at the MDC, by failing to provide functioning distress signals in some cells at the MDC, by the allegedly unprofessional conduct of Lieutenants Gross and Pasley, and by failing to give him a copy of his medical records; (3) dismiss for lack of subject matter jurisdiction Gay's negligence claims against the Government under the Federal Tort Claims Act ("FTCA") for the actions of Lieutenant Pasley; and (4) dismiss for lack of subject matter jurisdiction Gay's constitutional claims against the United States, the Bureau of Prisons ("BOP") and its officers in their official capacity.

## DISCUSSION

### I.  Standard of Review

When deciding whether to adopt a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  To accept those portions of the R&R to which no timely objection has been made, "a district court need only satisfy itself that there is no clear error on the face of the record."  Jarvis v. N. Am. Globex Fund, L.P., 823 F. Supp. 2d 161, 163 (E.D.N.Y. 2011) (internal quotation marks and citation omitted).  When specific objections are

2

made, however, "[t]he district judge must determine <u>de novo</u> any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

## II. Gay's Objections to the R&R

Gay objects to the portions of the R&R that recommend that the Court grant summary judgment in favor of defendants on his claims that defendants violated his constitutional rights by depriving him of adequate medical treatment and by not providing a ladder for his bunk. (Obj. at 1-2.) In stating that he has "filed a FTCA," Gay also appears to be seeking re-evaluation of the R&R's determination that he has failed to exhaust his FTCA negligence claim against the Government for the actions of Pasley. (<u>Id.</u> at 2.) Finally, Gay also states that his "objection to this Recommendation is that my case is based on me being placed on a top bunk when my medical records show that I'm epileptic and should [sic] automatically should have a bottom bunk," thereby suggesting that he objects to the R&R's failure to explicitly address this allegation. (<u>Id.</u> at 1.) For the reasons discussed below, these objections are without merit.

### A. Inadequate Medical Treatment

In his objection, Gay describes a recent attempt to exhaust his administrative remedies, initiated on June 13, 2013, regarding his complaint that he is "not receiving any medical treatment" for the pain that he is still experiencing as a result of his fall on February 11, 2012. (<u>Id.</u> at 1.) He then reiterates many of the points raised before Magistrate Judge Scanlon concerning the alleged inadequacy of his medical care, including: (1) that Dr. Newland did not prescribe adequate pain medication, (2) purported discrepancies in the findings and diagnoses of Dr. Newland and Dr. Borecky and Dr. Beaudoin, and (3) that he has yet to see a neurologist despite MDC staff claims that he is scheduled to see one. (<u>Id.</u> at 2.)

As an initial matter, the Court observes that Gay's recent attempt to exhaust his administrative remedies as to this claim is irrelevant since the R&R's recommendation to grant

3

summary judgment in favor of defendants' on this claim was not based on a failure to exhaust. (See R&R at 18-19, 28-35.) The Court finds, moreover, that Gay's objections with respect to his inadequate medical treatment claim fail for the reasons set forth in the R&R. As Magistrate Judge Scanlon discusses, neither a prisoner's disagreement with his doctor over his proper treatment nor even mere medical malpractice raises an issue of constitutional dimension. See Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998); see also Estelle v. Gamble, 429 U.S. 97, 105-06 (1976); Hill v. Curcione, 657 F.3d 116, 123 (2d Cir. 2011); Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1998). "So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation." Chance, 143 F.3d at 703; Hill, 657 F.3d at 123.

The undisputed evidence in the record demonstrates that Gay received adequate medical care. In fact, as summarized in the R&R, Gay's medical records and his own allegations reveal that he received substantial medical care during his 2012 incarceration at MDC between February 11, 2012, the date of his alleged fall, and July 11, 2012. This medical care included approximately twenty visits with MDC medical staff, medication for pain and seizures, an eye exam, a CAT scan of his head and neck, an EKG, x-rays of his cervical spine and head, and various blood tests. (R&R at 29-34; DE #9; DE #11-1.) In addition, to the extent that any discrepancy between the findings of his doctors exists, nothing in the record suggests that these alleged inconsistencies altered the course of his treatment in any meaningful way. As a mere repetition of arguments already properly rejected by Magistrate Judge Scanlon in light of this evidence, Gay's objection does nothing to undermine the R&R's conclusion that his medical treatment was adequate and thus did not reflect deliberate indifference by defendants. The Court accordingly adopts Magistrate Judge Scanlon's recommendation to grant defendants' motion for summary judgment on this claim.

4

**B. Failure to Provide Ladder**

Gay also included his allegations concerning defendants' failure to provide a ladder in his recent attempt to exhaust. (Id. at 1.) The Court, however, agrees with the R&R's determination that this claim was unexhausted (R&R at 19-20)—a determination to which Gay does not object—and Gay cannot remedy his failure to exhaust by filing new administrative complaints about this issue at this stage in the litigation.

First, in order to satisfy the exhaustion requirement under the Prison Litigation Reform Act ("PLRA"), the exhaustion must be proper, that is, "in compliance with an agency's deadlines and other critical procedural rules." See Woodford v. Ngo, 548 U.S. 81, 90-91 (2006); Ford v. Spears, No. 10-CV-1314, 2012 WL 4481739, at *6 (E.D.N.Y. Sept. 27, 2012). As described in the R&R, to properly initiate the formal administrative review process, an inmate must file an administrative claim within 20 days following the date on which the event forming the basis of the request occurred. (R&R at 15-16.) Gay's recent attempt to exhaust, initiated well beyond the 20-day filing period on June 20, 2013, thus does not constitute proper exhaustion.[2] See Torres v. Anderson, 674 F. Supp. 2d 394, 400 (E.D.N.Y. 2009) (dismissing Bivens claim as unexhausted where plaintiff "did not file his BP-9 until more than two months after the incident" because "filing dates are 'critical procedural rules'"); Ford, 2012 WL 4481739, at *6 (observing that "plaintiff failed to 'properly' exhaust his administrative remedies" where his submissions "were all denied on timeliness grounds" (quoting Woodford, 548 U.S. at 91)).

Second, even if this attempt constituted proper exhaustion, Gay's claim would still fail as unexhausted. Where, as here, "a prisoner fails to properly exhaust his administrative remedies before filing suit, the action must be dismissed." Kasiem v. Switz, 756 F. Supp. 2d 570, 575

---

[2] Although "certain caveats apply" to the requirement of timely exhaustion, see Giano v. Goord, 380 F.3d 670, 677 (2d Cir. 2004), the Court agrees with the R&R's determination that none of those caveats apply here, and Gay states nothing in his objection to suggest a contrary conclusion.

(S.D.N.Y. 2010) (citing Neal v. Goord, 267 F.3d 116, 121-22 (2d Cir. 2001), abrogated in part on other grounds by Porter v. Nussle, 534 U.S. 516 (2002)) ("When a prisoner fails to properly exhaust his administrative remedies before filing suit, the action must be dismissed."); see also Burgos v. Craig, 307 Fed. App'x 469, 470 (2d Cir. 2008) ("[Exhaustion] must be completed before suit is filed, and contemplating the exhaustion requirements only after filing suit is insufficient."). Gay's failure to exhaust prior to filing the instant action necessarily defeats any attempt to cure that defect now.

In any event, the Court agrees with the R&R's determination that the failure to provide Gay a ladder to access his bunk does not rise to the level of a constitutional violation, and Gay states nothing in his objection that would suggest a reason to revisit that determination.

## C. FTCA Exhaustion

By informing the Court that he "has filed a FTCA" and is "awaiting a response by October," Gay appears to be seeking re-evaluation of the R&R's determination that he has failed to exhaust his FTCA negligence claim against the Government for the actions of Pasley. (Obj. at 2.) As with exhaustion under the PLRA, however, in order to satisfy the FTCA presentment requirement, a claimant must "exhaust all administrative remedies before filing a complaint in federal district court." Celestine v. Mount Vernon Neighborhood Health Ctr., 403 F.3d 76, 82 (2d Cir. 2005). "Because this requirement is jurisdictional, the subsequent denial of an administrative claim cannot cure a prematurely filed action." Grancio v. De Vecchio, 572 F. Supp. 2d 299, 310 (E.D.N.Y. 2008) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)); Ford, 2012 WL 4481739, at *9. Thus, Gay's recent filing of an administrative FTCA claim, a claim he acknowledges is still pending, does not affect the R&R's proper determination that Gay's FTCA negligence claim is unexhausted and must be dismissed for lack of subject matter jurisdiction.

6

### D. Failure to Initially Assign Gay to a Bottom Bunk

In his objection, Gay also continues to press his allegation that he should have been initially assigned to a bottom bunk due to his epilepsy, which he claims was already documented in his medical records upon his entry to the MDC. (Obj. at 1.) To the extent that Gay is asserting that this is a separate claim that was not addressed in the R&R, the Court notes that it fails for many of the same reasons set forth in the R&R in disposing of Gay's other claims.

First, the Court's review of the record has uncovered nothing that suggests that Gay's epilepsy was documented in any medical records upon his arrival at the MDC. Even if there were, insofar as this claim can be construed as a <u>Bivens</u> claim these allegations were raised only in the same administrative complaints in which Gay raised his claim regarding the failure to provide a ladder and is thus likewise unexhausted (<u>see</u> R&R at 19-20). Gay fails, moreover, to establish that any of the individual defendants in this case had any knowledge of his condition let alone personal involvement in his bunk assignment. <u>See Thomas v. Ashcroft</u>, 470 F.3d 491, 496 (2d Cir. 2006) (noting that in <u>Bivens</u> actions, "a plaintiff must allege that the individual defendant was personally involved in the constitutional violation"); <u>see also Aschcroft v. Iqbal</u>, 556 U.S. 662, 677 (2009). Finally, this allegation fares no better construed as a FTCA claim since it is unexhausted for the same reasons that the R&R discussed in dismissing Gay's FTCA negligence claim stemming from the actions of Pasley. (<u>See</u> R&R at 39-42.) Accordingly, to the extent that Gay's allegation concerning his initial bunk assignment raises an independent claim, the Court concludes that the entry of judgment in favor of defendants—whether as a matter of law or for lack of jurisdiction—on that claim is warranted.

### III. Remaining Recommendations

Magistrate Judge Scanlon also recommends that the Court: (1) grant Gay's motion for joinder of the United States of America as a defendant (R&R at 12-13); and (2) grant defendants'

motion for summary judgment on Gay's claims regarding non-functioning distress signals (R&R at 19, 38-39), unprofessional conduct (R&R at 20-21, ), and the failure to provide medical records (R&R at 21-22.) Neither party objects to these portions of the R&R. Having found no clear error on the face of the record, the Court hereby adopts the conclusions of these portions of the R&R.

## CONCLUSION

The Court hereby adopts the conclusions of the R&R in full. In addition, to the extent that the R&R did not dispose of Gay's claim regarding his initial bunk assignment, the Court finds the entry of judgment in favor of defendants warranted on that claim as well. Accordingly, Gay's claims are dismissed in their entirety. The Clerk of Court is directed to terminate all pending motions, enter judgment and close the case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
September 26, 2013

Carol Bagley Amon
Chief United States District Judge